**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-00821-CMA-CBS

JOE HAND PROMOTIONS, INC.,

    Plaintiff,

v.

THE DUGOUT, LLC,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS AND REMANDING CASE**

---

This matter is before the Court on Defendant The Dugout, LLC's Motion for Judgment on the Pleadings (Doc. # 13), filed on April 23, 2013. For the reasons discussed below, the Court dismisses the two federal claims as time-barred, and remands the remaining conversion claim.

## I. BACKGROUND

In this action brought under 47 U.S.C § 553, 47 U.S.C. § 605, and the state law of conversion, Plaintiff Joe Hand Productions, Inc. alleges that Defendant showed Ultimate Fighting Championship 130: Quinton Jackson v. Matt Hammill to its customers without authorization on May 28, 2011. (Doc. # 4 at 1-4.) Plaintiff filed the case in state court on March 28, 2013. (Doc. # 1 at 1.) Defendant removed the case to federal court. (*Id.*)

In the instant motion, Defendant moves for judgment on the pleadings by asserting that the applicable statute of limitations bars Plaintiff's claims. (Doc. #13 at 2.) Plaintiff responded on May 14, 2013 (Doc. # 18 at 1), to which Defendant replied on May 29, 2013 (Doc. # 21 at 1).

## II. STANDARD OF REVIEW

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is governed by the same standard of review applicable to a motion to dismiss under Rule 12(b)(6). *Nelson v. State Farm. Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005). A party may move to dismiss a claim for relief in any pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A claim is subject to dismissal for failure to state a claim for relief if the allegations in the complaint show that relief is barred by the applicable statute of limitations. *Jones v. Bock*, 549 U.S. 199, 215 (2007). The defense of statute of limitations may be resolved upon a motion to dismiss where the complaint shows on its face that the action has not been instituted within the statutory period. *See Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) ("While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute.")

The Court accepts all well-pleaded allegations in the complaint as true and views them in the light most favorable to the non-moving party. *Nelson*, 419 F.3d at 1119. Dismissal under Rule 12(b)(6) should be granted only when it appears that the non-

moving party can prove no set of acts in support of the claims that would entitle the plaintiff to relief. *Id.*

### III. DISCUSSION

Defendant moves to dismiss Plaintiff's federal claims, under 47 U.S.C. §§ 553 and 605, as time-barred. Additionally, Defendant moves to dismiss the state-law claim of conversion.

**A.     FEDERAL CLAIMS**

Under 47 U.S.C. §§ 553 and 605, an aggrieved party may initiate a lawsuit and collect civil penalties for the unauthorized reception or interception of any communication from a cable operator and the unauthorized publication or use of an interstate communication received by wire. Because neither provision has a statute of limitations, the determinative issue is whether to borrow the statute of limitations from state or federal law.

When there is no statute of limitation, courts do not "ordinarily assume that Congress intended that there be no time limit on actions." *DelCostello v. Int'l Bd. of Teamsters*, 462 U.S. 151, 158 (1983). Rather, courts look to other sources to find the appropriate time limit on causes of action. *Id.* The "lender of first resort" for a statute of limitations is the "most closely analogous" state statute. *North Star Steel Co., v. Thomas*, 515 U.S. 29, 33 (1995) (internal quotation and citation omitted).

The Court agrees with Defendant that the Colorado Cable Piracy Statute, Colo. Rev. Stat. § 18-4-702(1)(a), which prohibits civil theft of cable service, is closely analogous to both 47 U.S.C. § 553(a)(1), which prohibits the interception of any

communication service offered over a cable system without authorization, and 47 U.S.C. § 605(a), which prohibits the reception and publication of an interstate communication by wire without authorization.  Although each provision uses slightly different language, the three provisions prohibit similar behavior.  All three statutory provisions permit the injured party to file a lawsuit against a party engaging in civil theft and permit the plaintiff to seek similar remedies.  *Compare* Colo. Rev. Stat. §§ 18-4-702(1)(a) and (2)(a)-(b), *with* 47 U.S.C. § 553(c) *and* U.S.C § 605(e)(3).  Finally, all three statutes authorize a judge to increase the damages awarded to the injured party if the act was committed willfully.  *Compare* Colo. Rev. Stat. § 18-4-702(3)(a), *with* 47 U.S.C. § 553(c)(3)(B), *and* 47 U.S.C § 605(e)(3)(C)(ii).  Thus, the Colorado Cable Piracy Statute is closely analogous to the federal statutory provisions at issue in this case and the appropriate source of the statute of limitations for Section 553 and Section 605 causes of action.[1]

While statutes of limitations from analogous state statutes are the primary source, *DelCostello*, 462 U.S. at 161, a court may look to a federal statute of limitations when the federal law provides a closer analogy than the state law.  *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 356 (1991).  Importantly, using a federal statute of limitations is "a closely circumscribed exception."  *Id.* at 356.  Plaintiff asserts that the federal Copyright Act is the appropriate source of the statute of

---

[1] Plaintiff argues that the Colorado Cable Piracy Statute is not the most closely analogous statute because it contains a provision exempting satellite dishes.  *See* Colo. Rev. Stat. § 18-4-701(3).  The object is not to find an identical state statute from which to borrow a statute of limitations when the federal statute is silent.  Rather, courts look for the "most closely analogous" state statute.  *See North Star*, 515 U.S. at 33.

limitations for Section 553 and 605 causes of action.  (Doc. #18 at 5-6.)  However, in all but one of the cases Plaintiff cites, the courts borrowed the Copyright Act's three-year statute of limitations for Section 553 and 605 causes of action because the states did not have a cable piracy statute.[2]  With that one exception, courts "have applied the federal limitations period under the Copyright Act to [Section 553 and 605] claims when the only state law from which to borrow a limitations was a general conversion law."  *Kingvision Pay-Per-View, Corp., Ltd. v. 898 Belmont, Inc.*, 366 F.3d 217, 223 (3d Cir. 2004).  This is because state cable piracy statutes often provide a closer analogue to Sections 553 and 605 than the Copyright Act.  *See Lampf*, 501 U.S. at 356.

Furthermore, this case does not warrant the narrowly-prescribed exception of applying a federal limitations period because the state limitations period of the Colorado Cable Piracy Statute does not frustrate the purpose of the federal law.  *See id.* at 356.  The purpose of Title 47 is to "regulate interstate and foreign commerce in communication by wire and radio so as to make available . . . a rapid efficient . . . communication service with adequate facilities at reasonable charges . . . ."  *Kingvision*, 366 F.3d at 225 (internal quotations and citation omitted).  One year is sufficient for a plaintiff to bring suit under these statutory provisions to deter theft and keep costs down.  *See id.* (two-year statute of limitations does not impede the purpose of Title 47).  Therefore, the Court declines to apply the federal limitations period exception.

---

[2] *See, e.g., Nat'l Satellite Sports, Inc. v. Time Warner Entm't Co., L.P.,* 255 F. Supp. 2d 307 (S.D.N.Y. 2003) (applying Copyright Act's statute of limitation rather than limitation period from New York's cable theft statute); *Time Warner Cable Nat'l Div. v. Bubacz,* 198 F. Supp. 2d 800 (N.D.W. Va. 2001)(no cable theft statute); *Kingvision Pay Per View, Ltd. v. Boom Town Saloon, Inc.,* 98 F. Supp. 2d 958 (N.D. Ill. 2000)(no cable theft statute); *but see Joe Hand Promotions, Inc. v. Duede*, 2010 WL 1782260 (C.D. Ill. 2010)(questioning the application of the Copyright Act's statute of limitations because Illinois subsequently enacted a cable theft statute that is closely analogous to Section 553 and 605 actions).

Accordingly, the Court finds the statute of limitation applicable to 47 U.S.C. §§ 553 and 605 causes of action is the one year statute of limitation applicable under the Colorado Cable Piracy Statute.[3] Defendant allegedly broadcast Ultimate Fighting Championship 130 to its customers on May 28, 2011, and Plaintiff filed the instant case in state court on March 28, 2013. (Doc. # 4 at 1.) Because more than one year elapsed between these two events, Plaintiff's Section 553 and 605 claims are time-barred.

**B.     STATE-LAW CLAIM OF CONVERSION**

Defendant asks for judgment in its favor on the state-law conversion claim. However, Defendant is not entitled to such a remedy at this stage. Instead, the Court must decide whether to exercise its discretion to maintain jurisdiction over the conversion claim. The Court has discretion to dismiss or remand the cause upon dismissal of all claims over which it has original jurisdiction. *Cf. Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988) (district courts have discretion to dismiss or remand cases to state court after federal claims have been dismissed and only pendant state law claims remain), *superseded by statute*, 28 U.S.C. 1367(c)(3) (enacted 1990) ("[t]he district courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction"). Because

---

[3] The Court rejects Plaintiff's argument that it should apply Colorado's two-year statute of limitations for "all actions upon liability created by a federal statute where no period of limitation is provided in said statute." Colo. Rev. Stat. § 13-80-102(1)(g). The task of the Court is to use the statute of limitations from the most closely analogous state law, *see North Star*, 515 U.S. at 33, not to apply the statute's general statute of limitations for federal claims.

all of the federal claims have been dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state law claim.[4]

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant's Motion for Judgment on the Pleadings (Doc. # 13) is GRANTED IN PART and DENIED IN PART. Specifically, it is

ORDERED that claims one and two are DISMISSED. It is

FURTHER ORDERED that this action is REMANDED to the District Court, Weld County, Colorado, for further proceedings related to Plaintiff's conversion claim.

DATED: September 23, 2013.

BY THE COURT:

*[signature: Christine M. Arguello]*

CHRISTINE M. ARGUELLO
United States District Judge

---

[4] Although neither party argued that the Court should exercise jurisdiction over the conversion claim based on diversity jurisdiction, the Court notes that Defendant also removed the action on this basis. (Doc. # 1 at 1). For a court to exercise diversity jurisdiction, there must be diversity of citizenship and an amount in controversy that exceeds $75,000.00. 28 U.S.C. § 1332(a). However, neither Plaintiff's Complaint nor the Notice of Removal state the dollar amount associated with the conversion claim. The Civil Cover Sheet lists the total amount in controversy as $150,000.00, which is the dollar amount equal to the amount Plaintiff listed for the time-barred Section 553 and Section 605 claims. (Doc. #2 at 2-3). Accordingly, this Court lacks diversity jurisdiction because there is no showing that the amount in controversy for the conversion claim exceeds the statutory requirement. *See* 28 U.S.C. § 1332(a).