**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-00821-CMA-CBS

JOE HAND PROMOTIONS, INC.,

    Plaintiff,

v.

THE DUGOUT, LLC,

    Defendant.

---

**ORDER DENYING PLAINTIFF'S FIRST MOTION
TO ALTER JUDGMENT OR AMEND JUDGMENT**

---

    This matter is before the Court on Plaintiff Joe Hand Promotions, Inc.'s First Motion to Alter Judgment or Amend Judgment  (Doc. # 25), filed on October 21, 2013. In its motion, Plaintiff requests relief from the Court's Order granting in part and denying in part Defendant's Motion for Judgment on the Pleadings, in which the Court determined that the statute of limitations barred Plaintiff's federal claims and declined to exercise supplemental jurisdiction over the remaining state claim.  (Doc. # 22.)

    "The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991).  A litigant who is subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Id.*  Whether a reconsideration request should be reviewed

under Rule 59 or 60 "depends upon the reasons expressed by the movant." *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.,* 680 F.3d 1194, 1200 (10th Cir. 2011).  Where, as here, the motion "involves 'reconsideration of matters properly encompassed in a decision on the merits,'" a court considers the motion under Rule 59(e).  *Phelps v. Hamilton,* 122 F.3d 1309, 1323-24 (10th Cir. 1997). (quoting *Martinez v. Sullivan,* 874 F.2d 751, 753 (10th Cir. 1989)); *see also Jennings v. Rivers,* 394 F.3d 850, 855 (10th Cir. 2005).  In other words, if the reconsideration motion seeks to alter the district court's substantive ruling, then it should be considered a Rule 59 motion and be subject to Rule 59's constraints.  *See Phelps,* 122 F.3d at 1324.  Plaintiff met the time limitation under Rule 59 by filing the motion within 28 days from the entry of judgment. [1]  *See Van Skiver* 952 F.2d at 1243.

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Phelps,* 122 F.3d at 1324.  A motion for reconsideration is inappropriate to re-argue an issue previously addressed by the court when the motion merely advances new arguments or supporting facts which were available at the time of the original application.  *Paraclete,* 204 F.3d at 1012 (motion to reconsider is not a proper vehicle through which to "revisit issues already addressed or advance arguments that could have been raised in prior briefing.")  However, a motion

---

[1] Neither party challenges the applicability of this rule on the grounds that the Court's order was not a judgment.  However, the Court notes that other courts in this Circuit have applied Fed. R. Civ. P. 59(e) to remand orders.  *See, e.g., Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 67 F. Supp. 2d 1242, 1248 (D. Kan. 1999).

to alter or amend that reiterates issues originally raised in the application and that seeks to challenge the legal correctness of the court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position is correctly asserted pursuant to Fed. R. Civ. P. 59(e). *See Van Skiver,* 952 F.2d at 1244.

In the instant case, Plaintiff argues that the Court "committed a manifest error of law in holding that the Colorado Cable Piracy Act applies to satellite claims under 47 U.S.C. § 605." In so arguing, Plaintiff asserts that the Court should not have borrowed the statute of limitations from the Colorado Cable Piracy Act, which explicitly exempts satellite dishes. (Doc. # 25, at 2-3.) Plaintiff made this argument in its response to the underlying motion (Doc. # 18 at 4-5), and the Court rejected the argument in its Order (Doc. # 22, at 4 n.1).[2]

Nonetheless, once again the Court will address the substance of Plaintiff's argument.[3] Section 605 deals with the receipt, transmission, assistance in transmitting "any interstate or foreign communication by wire **or** radio . . . ." 47 U.S.C. § 605(a) (emphasis added). Although one district court from the Tenth Circuit has interpreted 47 U.S.C. § 605 to apply only to theft of radio signals, *see Kans. City Cable Partners ex rel. Time Warner Entm't Co., L.P., v. Espy*, 250 F. Supp. 2d 1296 (D. Kans. 2003), the Tenth Circuit has not ruled on the application of 47 U.S.C. § 605. The Court is persuaded by the Second Circuit's holding that Section 605 applies to the unauthorized

---

[2] The Court also notes that Plaintiff's motion does not comply with D.C.COLO.LCivR 7.1, which requires counsel for the moving party to confer or make reasonable good-faith efforts to confer with opposing counsel to resolve the disputed matter.

[3] Plaintiff essentially concedes that the Colorado Cable Piracy Act is the most closely analogous statute to 47 U.S.C. § 553. (Doc. # 25 at 2.)

use of both cable and radio transmissions—such as satellite programming.  *See Int'l Cablevision, Inc. v. Sykes*, 75 F.3d 123, 133 (2d Cir. 1996).  Thus, the Court is not persuaded that 47 U.S.C. § 605 solely applies to unauthorized use of radio signals, such as satellite programming.  Therefore, because 47 U.S.C. § 605 applies to the unauthorized use of cable and radio transmissions, the Colorado Cable Piracy Statute is the most closely analogous statute and provides the statute of limitations for Section 605 claims.

For the foregoing reasons, it is hereby ORDERED that Plaintiff's First Motion to Alter Judgment or Amend Judgment  (Doc. # 25) is DENIED.

DATED:  November 12, 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

4